```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF TENNESSEE
                      WESTERN DIVISION
```

|  |  |  |
|---|---|---|
| TERRY MICHAEL JENKINS, | ◊ | |
| | ◊ | |
| Plaintiff, | ◊ | |
| | ◊ | |
| vs. | ◊ | No. 05-2531-Ml/P |
| | ◊ | |
| FAMILY OF MEN AND WOMEN | ◊ | |
| ON EARTH, | ◊ | |
| | ◊ | |
| Defendants. | ◊ | |
| | ◊ | |

ORDER GRANTING LEAVE TO PROCEED <u>IN</u> <u>FORMA</u> <u>PAUPERIS</u>
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

Plaintiff Terry Michael Jenkins filed a handwritten complaint, along with an application to proceed <u>in</u> <u>forma</u> <u>pauperis</u>.  The motion to proceed <u>in</u> <u>forma</u> <u>pauperis</u> is GRANTED.  The Clerk shall record the defendants as Family of Men and Women on Planet Earth.  The Clerk shall not issue any process in this case.

The first page of the complaint consists of written allegations which state:

> Plaintiff told to file new styled case in this new age. Plaintiff requests access to subpoena power to settle this matter on his own with no courtroom proceedings whereby attys. and judges would be allowed to outsmart him as was previously done due to his being mentally retarded.  All atty. and judges are mentally retarded also and were allowed to cheat to pass bar exams.  Plaintiff is attempting to obtain relief from female family members at this time that did not help him or were threatened by

>   other FAMILY not to help him even though the females in
>   our FAMILY are also mentally retarded.  Plaintiff has done
>   25 years research on this matter and is not a malcontent.
>   Our FAMILY urges the court to urge all involved to assist
>   or stay out of the way.

The remainder of Plaintiff's complaint consists of fifteen pages which list various females by first name, home or employer's address, and phone number.  Some listings are grouped by zip code.  Plaintiff requests subpoenas for the females so that he may take their testimony alone in his home so that he may verify that they are females by having them disrobe.

A complaint must contain "'either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988)(quoting Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir. 1984)).  The Court is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions. See Lillard v. Shelby County Bd. Of Education, 76 F.3d 716, 726 (6th Cir. 1996); Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987).  This complaint as a whole is simply incoherent and unintelligible.  A totally incomprehensible complaint lacks an arguable basis in law.  Jackson v. Arizona, 885 F.2d 560, 562 (9th Cir. 1989).  Moreover, each and every one of plaintiff's claims is "clearly baseless," "fanciful," "fantastic," or "delusional." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).  A complaint that does not contain any substantial claim does not confer federal

2

subject matter jurisdiction. Hagans v. Levine, 415 U.S. 528, 536-37 (1974).

Accordingly, the complaint is devoid of jurisdiction, fails to state a claim upon which relief may be granted, and lacks an arguable basis either in law or in fact and is therefore, DISMISSED as frivolous. See Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B)(i)(ii); Denton, 504 U.S. at 31; Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The next issue to be addressed is whether the plaintiff should be allowed to appeal this decision in forma pauperis. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith. The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). It would be inconsistent for a district court to determine that a complaint is subject to dismissal prior to service on the defendants, yet has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case also compel the conclusion that an appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith, and plaintiff may not proceed on appeal in forma pauperis.

The Sixth Circuit Court of Appeals decisions in <u>McGore v. Wrigglesworth</u>, 114 F.3d 601 (6th Cir. 1997), and <u>Floyd v. United States Postal Serv.</u>, 105 F.3d 274 (6th Cir. 1997), apply to any appeal filed by the plaintiff in this case.

If plaintiff files a notice of appeal, he must pay the entire $255 filing fee required by 28 U.S.C. §§ 1913 and 1917. The entire filing fee must be paid within thirty days of the filing of the notice of appeal.

By filing a notice of appeal, the plaintiff becomes liable for the full amount of the filing fee, regardless of the subsequent progress of the appeal. If the plaintiff fails to comply with the above assessment of the appellate filing fee within thirty days of the filing of the notice of appeal or the entry of this order, whichever occurred later, the district court will notify the Sixth Circuit, which will dismiss the appeal. If the appeal is dismissed, it will not be reinstated once the fee is paid. <u>McGore</u>, 114 F.3d at 610.

IT IS SO ORDERED this 31st day of March, 2006.

/s/ Jon P. McCalla
JON PHIPPS MCCALLA
UNITED STATES DISTRICT JUDGE